Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

Roanoke Division

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 27 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

|  |  |
|---|---|
| Brian David Hill | Case No. 4:20CV00017 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Glen Andrew Hall, et al.

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

| | |
|---|---|
| Name | Brian David Hill (nicknamed as "USWGO") |
| Street Address | 310 Forest Street, Apartment 2 |
| City and County | Martinsville/Henry-County |
| State and Zip Code | Virginia 24112 |
| Telephone Number | 276-790-3505 |
| E-mail Address | No Email Address |



Brian D. Hill - Ally of QANON
WWG1WGA - Q-Intel - Drain the Swamp MAGA
JusticeForUSWGO.wordpress.com - INVESTIGATE!

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Glen Andrew Hall, Esq., in his official capacity |
| Job or Title *(if known)* | Commonwealth Attorney of Martinsville, Virginia |
| Street Address | 55 West Church Street |
| City and County | Martinsville |
| State and Zip Code | Virginia |
| Telephone Number | Telephone: 276-403-5470 |
| E-mail Address *(if known)* | ahall@ci.martinsville.va.us |

Defendant No. 2

| | |
|---|---|
| Name | Giles Carter Greer, Esq. |
| Job or Title *(if known)* | Judge of Martinsville Circuit Court, in his official capacity |
| Street Address | 55 West Church Street |
| City and County | Martinsville |
| State and Zip Code | Virginia 24112 |
| Telephone Number | Phone: 276-403-5106 (Not direct phone number but no. of Clerk) |
| E-mail Address *(if known)* | cgreer@ci.martinsville.va.us |

Defendant No. 3

| | |
|---|---|
| Name | Matthew Scott Thomas Clark, Esq. |
| Job or Title *(if known)* | Attorney, in his official capacity |
| Street Address | 711B Starling Ave |
| City and County | Martinsville |
| State and Zip Code | Virginia 24112 |
| Telephone Number | (276) 634-4000 |
| E-mail Address *(if known)* | matthewstclarklaw@gmail.com |

Defendant No. 4

| | |
|---|---|
| Name | Lauren McGarry, Esq. |
| Job or Title *(if known)* | Martinsville Public Defender Office, in her official capacity |
| Street Address | 10 E Main St, |
| City and County | Martinsville |
| State and Zip Code | Virginia 24112 |
| Telephone Number | Phone: (276) 666-2206 |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address *(if known)*   lmcgarry@mar.idc.virginia.gov

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S. Code § 407.  Assignment of benefits, Eighth Amendment under the United States Constitution

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual
      The plaintiff, *(name)*   Brian David Hill                          , is a citizen of the State of *(name)*   Virginia                          .

   b.   If the plaintiff is a corporation
      The plaintiff, *(name)*   N\A                          , is incorporated under the laws of the State of *(name)*   N\A                          , and has its principal place of business in the State of *(name)*
      N\A                          .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual – Names: Giles Carter Greer, Lauren McGarry
      The defendant, *(name)*   Glen Andrew Hall, Matthew S.T. Clark   , is a citizen of

  
Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

the State of *(name)*     Virginia                              . Or is a citizen of
*(foreign nation)*                                          .

b.     If the defendant is a corporation

The defendant,  *(name)*    N\A                          , is incorporated under
the laws of the State of *(name)*     N\A                          , and has its
principal place of business in the State of *(name)*   N\A                    .
Or is incorporated under the laws of *(foreign nation)*    N\A                 ,
and has its principal place of business in *(name)*    N\A                    .

*(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at
stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

The defendants' don't owe money but are attempting to unlawfully garnish the Social Security
SSI benefits of Plaintiff, therefore it is a controversy of law and equity. It is a controversy
involving unlawful garnishment of SSI by the defendants'.

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the
facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant
was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights,
including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each
claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if
needed.

A.     Where did the events giving rise to your claim(s) occur?

On or about November 15, 2019, the Circuit Court of Martinsville, Virginia, under the order of the
Hon. Judge Giles Carter Greer (Def. #2) has unlawfully ordered garnishment of Brian David Hill's
social security disability disbursement income under the Supplemental Security Income, the amount
totalling $1,124.00 and possibly more as Brian David Hill continues fighting his state case under Case
#: CR19000009-00, Civil Case Nos. CL20000089-00 (Writ of Coram Vobis/Nobis) and CL19000331-
00 (Writ of Habeas Corpus). Direct Appeal had also been timely filed in the state case but may fail
under a legal technacaility. So legal fees are going to be enforced which is garnishment.

B.     What date and approximate time did the events giving rise to your claim(s) occur?

November 15, 2019. See **Exhibit 1**.

See details in "BRIEF IN SUPPORT OF COMPLAINT AND REQUEST FOR INJUNCTION".

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

All Defendants are involved in the use of the legal process of the Circuit Court to copnduct the garnishment of Brian David Hill's SSI disability income disbursement.

See the facts described in "BRIEF IN SUPPORT OF COMPLAINT AND REQUEST FOR INJUNCTION".

## IV.   Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

No monetary damages are being sought. The purpose of this complaint is to prevent the unlawful garnishment of Brian David Hill's SSI money. However if an attorney from Legal Aid or any lawyer wishes to assist and represent Brian David Hill in this case on a pro bono basis, then the lawyer may request attorney fees as a sanction for any wrongdoing.

Injury described in "BRIEF IN SUPPORT OF COMPLAINT AND REQUEST FOR INJUNCTION".

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. The relief specified is also in "BRIEF IN SUPPORT OF COMPLAINT AND REQUEST FOR INJUNCTION".

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Temporary injunction on the Commonwealth's garnishment of Brian David Hill's SSI money during the pendency of this case. Permanent injunction on the Commonwealth of Virginia's defendants Glen Andrew Hall, Esq., the Hon. Judge Giles Carter Greer, Matthew Scott Thomas Clark, Esq., and Lauren McGarry, Esq., barring them from attempting any garnishment or use of any legal process to garnish the SSI disability money from Brian David Hill that has any connection to the cases CR19000009-00 (criminal case), Civil Case Nos. CL20000089-00 (Writ of Coram Vobis/Nobis) and CL19000331-00 (Writ of Habeas Corpus).

*See Brief, Pg. 7*

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          03/26/2020

Signature of Plaintiff     *Brian D. Hill*
                           signed

Printed Name of Plaintiff   Brian David Hill (USWGO / Ally of Qanon)

### B.    For Attorneys

Date of signing:          N\A

Signature of Attorney      N\A
Printed Name of Attorney   N\A
Bar Number                 N\A
Name of Law Firm           N\A
Street Address             N\A
State and Zip Code         N\A
Telephone Number           N\A

E-mail Address          N\A

## BRIEF IN SUPPORT OF COMPLAINT AND REQUEST FOR INJUNCTION

Brian David Hill formerly of USWGO Alternative News ("USWGO") complains as follows

against Defendant #1: Glen Andrew Hall, Esq., ("Mr. Hall); Defendant #2: Giles Carter Greer,

Esq., ("Hon. Greer); Defendant #3: Matthew Scott Thomas Clark, Esq. ("Mr. Clark");

Defendant #4: Lauren McGarry, Esq. ("L. McGarry").

### NATURE OF ACTION

1. This is an action for preliminary/permanent injunction and request for temporary

injunction during the pendency of this case to prevent the attempt to unlawfully garnish Brian

David Hill's ("USWGO's") SSI monthly income pursuant to 42 U.S. Code § 407.

"Assignment of benefits".

### PARTIES

2. USWGO is, and has been at all times relevant to this lawsuit, an individual who is

mentally/physically disabled and lives off of Social Security Disability money from the Federal

Government under the Social Security Act, with the Plaintiff's principal place of residence in

Martinsville, Virginia.

3. USWGO is, and has been at all times relevant to this lawsuit, in good standing.

4. Mr. Hall, Hon. Greer, Mr. Clark, and L. McGarry is, and has been at all times relevant

to this lawsuit, identified as the Defendants' responsible for and/or is involved with the garnishment or attempt garnishment of the Supplemental Security Income ("SSI") of Brian David Hill.

5. Mr. Hall, in his official capacity as the Commonwealth Attorney of Martinsville, Virginia, is one of the parties who will receive the legal fees money out of garnishment of Brian David Hill's monthly SSI income if there is no injunctive relief. He has been at all times relevant to this lawsuit.

6. Mr. Clark, in his official capacity as the court appointed Attorney of Martinsville, Virginia, is one of the parties who will receive the legal fees money out of garnishment of Brian David Hill's monthly SSI income if there is no injunctive relief. He has been at all times relevant to this lawsuit.

7. L. McGarry, in her official capacity as the court appointed Attorney of Martinsville, Virginia, and works for the Martinsville Public Defender Office is one of the parties who will receive the legal fees money out of garnishment of Brian David Hill's monthly SSI income if there is no injunctive relief. She has been at all times relevant to this lawsuit.

8. Prosecution fees and Defense attorney fees are billed to Plaintiff USWGO in the course of a non-favorable ruling/result from state criminal case no. CR19000009-00, Commonwealth of Virginia v. Brian David Hill on November 15, 2019. That includes Lauren McGarry (Former Defense counsel), Mr. Hall (Prosecutor), and Mr. Clark (appointed Defense counsel).

9. Hon. Greer, in his official capacity as the judicial officer of the Circuit Court in

Martinsville, Virginia, which is a state court of record, is the party enforcing the garnishment of

Brian David Hill's monthly SSI income if there is no injunctive relief. See the photocopy of

legal filing attached hereto as **Exhibit 1**, his Order dated November 15, 2019. He has been at all

times relevant to this lawsuit. **Exhibit 1** is a true and correct photocopy of that order that was

already a photocopy of the original copy that was filed in Middle District of North Carolina

federal Case no. 1:13-cr-00435-TDS, under Document 221-3.

10. Hon. Greer put in an order (**Exhibit 1**) on November 15, 2019, demanding payment

of legal fees (attorney fees) of "#1,222.45" and possibly more not including the legal fees that

could be charged by Mr. Clark, there is no restitution and no fines that were imposed with the

exception of only charging the legal fees and attorney fees out of a non-favorable ruling in the

state criminal case of "Commonwealth of Virginia v. Brian David Hill," case no. CR19000009-

00, in the Circuit Court of Martinsville. Efforts have been made by USWGO to attempt to fight

the wrongful conviction in the state case. One such measure was the Writ of Habeas Corpus

petition that USWGO had filed on November 18, 2019. See DECLARATION of BRIAN

DAVID HILL in Opposition of Documents # 157 and # 200 . (Attachments: # 1 Supplement 1,

# 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8

Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14

Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Envelope -

Front and Back)(Daniel, J) (Entered: 11/20/2019) in Middle District of North Carolina federal

Case no. 1:13-cr-00435-TDS. That contains a photocopy of the entire state Writ of Habeas

Corpus. That matter was dismissed on November 20, 2019 by Hon. Greer and was timely

appealed that same day to the Virginia Court of Appeals who transferred the appeal to the

Supreme Court of Virginia under record no. 200267, case name entitled: "Brian David Hill v.

Commonwealth of Virginia". As to the other petition for requesting relief in the state criminal

case. A Writ of Error Coram Nobis was filed. It was entitled Writ of Error Coram Vobis as

Virginia is one of the only Commonwealth states that still uses the term "Vobis" instead of

"Nobis". See the photocopy of legal filing attached hereto as **Exhibit 2**, a true and correct

photocopy of the Writ that was filed, and the copy was verified as a true and correct copy by the

deputy Clerk. See the last page for verification. Brian David Hill ("USWGO") had been trying

to fight his wrongful conviction and if succeeding then he will not be compelled to pay the

attorney/legal fees of the state criminal case referenced thereto. However the motions/petitions

requesting relief is not delaying nor suspending the **Exhibit 1** order for USWGO to pay the

legal fees. If Brian doesn't pay the legal fees starting on the date of May 15, 2020, the Hon.

Greer may order the collection enforcement of paying such legal fees through an enforcement

action aka an "other legal process" through collection enforcement by and through the

State/Commonwealth of Virginia. Such legal process is unlawful under Title 42 U.S. Code

§ 407.

     11. Well-established case law says that the state cannot use "execution, levy, attachment,

garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law" to

garnish SSI disability money. Quote from 42 U.S. Code § 407. Assignment of benefits: "(a) In

general: The right of any person to any future payment under this subchapter shall not be

transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights

existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." Citing Washington State Dep't of Social & Health Servs v Guardianship Estate of Keffeler, 537 US 371; 123 S Ct 1017; 154 L Ed 2d 972 (2003), the Court stated that an "other legal process (1) requires utilization of some judicial or quasi-judicial mechanism; (2) by which control over property passes from one person to another; (3) in order to discharge or secure discharge of an existing or anticipated liability." Here, a judicial mechanism was used (i.e., a restitution order) to secure a discharge of Alexandroni's existing liability. Further, if the trial court used its contempt power to cause her to satisfy the restitution it would be "use of a judicial mechanism to pass control over those benefits from one person to another." Thus, although the trial court properly determined the SSDI benefits were "income," its use of its contempt powers would constitute an "other legal process" in violation of 42 USC 407(a). That is so, the court reasoned, even though a contempt order does not "touch a contemptor's money directly," but instead coerces the compemtor to comply. The Court concluded by stating that an actual contempt order would violate 42 USC 407(a), but the "mere specter of a contempt hearing" would not necessarily be an "other legal process." Additionally, the Court found, the restitution order itself remained valid, and the trial court could make further determinations as to Alexandroni's ability to pay from other sources of income. That case law applies to restitution but USWGO owes no restitution, but the legal argument and logic is exactly the same. Using any "legal process" to force the payment of legal fees to pay both the prosecution and defense lawyers violates the law. Unless USWGO has any income that is liquid assets, any income that is not protected by

federal statute, the Circuit Court through Hon. Greer and others has no right to order

garnishment of Brian David Hill's SSI money through the execution of legal process.

12. USWGO filed a motion compelling the Hon. Greer of the Circuit Court to not enforce

or waive the legal fees involved in the criminal case. See **Exhibit 3**, attached thereto is a true

and correct copy of USWGO's "Motion for Waiving Legal Fees or Not Enforcing Them". It

was filed in the Circuit Court on March 16, 2020. As far as March 25, 2020, the motion has not

been acted upon by the Judge. It just sits there in the court filings while no action is being taken.

All possible remedies attempted have been exhausted by inaction by the State Court and is not

stopping the Hon. Greer and other defendants' from collectively demanding the legal fees from

Brian David Hill through the Hon. Greer and through garnishment of his only source of income

of SSI which is garnishment. That is unlawful under statute.

## JURISDICTION

13. This Court has jurisdiction over the subject matter and the parties under the Social

Security laws of the United States, 42 U.S. Code § 401 et seq., as well as jurisdictional

provisions of 28 U.S.C. § 1331. Since the garnishment of USWGO's SSI disability money is

garnishing his only source of income as a disabled American citizen, it may also constitute cruel

and unusual punishment in violation of the Eighth Amendment of the United States

Constitution barring cruel and unusual punishment.

14. Brian David Hill is a lawful citizen of the United States and his Social Security

disability money is the subject of garnishment by the Hon. Greer and other defendants'.

15. On or about November 15, 2019, Hon. Greer willfully put in an order demanding

payments from Brian David Hill or he will be jailed by collection enforcement even after knowing that Brian David Hill's only source of income is his SSI disability which is protected under federal law, under the federal supremacy clause.

16. Despite USWGO filing his "Motion for Waiving Legal Fees or Not Enforcing Them" on March 16, 2020 (**Exhibit 3**), on or about March 25, 2020, Hon. Greer has taken no action, and continues to permit the enforcement of the garnishment of USWGO's disability income under SSI.

17. USWGO owns no car, has no business license, and has never worked a job a day in his life, and his only source of limited income money is his SSI disbursement.

18. The focal point of the garnishment and/or attempt to garnish is in Martinsville, Virginia.

19. The only geographic location that is associated with, and related to, the garnishment is Martinsville, Virginia.

20. The order to garnish USWGO's only source of income was originally ordered by Hon. Greer where such garnishment will pay the legal fees of Mr. Hall, L. McGarry as her official position for the Martinsville Public Defender Office, and Mr. Clark.

21. Mr. Clark knew that USWGO's disability money would be garnished if he was compelled or coerced to withdraw his appeal and accept the decision of the General District Court.

22. L. McGarry knew that USWGO's disability money would be garnished if he was compelled or coerced to withdraw his appeal and accept the decision of the General District

Court.

23. Mr. Hall knew that USWGO's disability money would be garnished if USWGO was compelled to withdraw his appeal and accept the decision of the General District Court.

24. At all times relevant to this lawsuit, the order to garnish USWGO's SSI disability money occurred and continues to occur in Martinsville, Virginia.

25. Hon. Greer's attempt to order the garnishment and defendants' benefit of such attempt to garnish Brian David Hill's disability money was and is purposefully directed at Brian David Hill ("USWGO") of Martinsville, Virginia.

26. The harm caused by the order of Hon. Greer which will garnish USWGO's SSI, was experienced, in Martinsville, Virginia.

## VENUE

27. The United States District Court for the Western District of Virginia is an appropriate venue, pursuant to 28 U.S. Code § 1391, because Hon. Greer, Mr. Clark, L. McGarry, and Mr. Hall is subject to personal jurisdiction in Martinsville, Virginia, in the Western District of Virginia.

28. The United States District Court for the Western District of Virginia is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2) and 1391(b)(1), because all actions of such garnishment and a substantial part of the events giving rise to the claim for relief are situated in Martinsville, Virginia.

## FACTS

29. Brian David Hill is mentally/physically disabled. Proof of such is on federal court

filings in the Western District of Virginia. The proof is noted below:

        i. See Exhibit 1 — Document #23, Attachment #1, Brian David Hill v.
Executive Office for United States Attorneys, et al. Case no. 4:17-cv-00027,
District Court, W.D. Virginia

        ii. See Exhibit 2 — Document #23, Attachment #2, Brian David Hill v.
Executive Office for United States Attorneys, et al. Case no. 4:17-cv-00027,
District Court, W.D. Virginia

        iii. See Exhibit 1 — Document #2, Attachment #1, Brian David Hill v.
Executive Office for United States Attorneys, et al. Case no. 4:17-cv-00027,
District Court, W.D. Virginia

30. For many years Brian David Hill ("USWGO") has been living off of SSI disability as his only source of income. USWGO has never owned any stocks, his no 401Ks, and has no liquid assets under the law. USWGO has never worked a job and never had an employer. USWGO has voluntarily operated USWGO Alternative News at uswgo.com from 2009 to 2012 as his own expense as a hobby blog exposing political corruption and writing articles to get the truth out. However USWGO Alternative News was never in any way to make any money and was not an employment. It disappeared in 2012 after Brian David Hill was framed and set up. Still nevertheless again argues that USWGO is disabled and never made any money, even off of his hobby blog from 2009-2012.

31. Brian David Hill is permanently disabled due to his Autism Spectrum Disorder,

Obsessive Compulsive Disorder (OCD) and Type 1 brittle Diabetes.

32. The **Exhibit 1** order demanding that Brian David Hill pay the legal fees in the state criminal case was originally filed on or about November 15, 2019.

33. As long as Brian David Hill can remember, USWGO has always received SSI disability as his only source of income money from the Federal Government under the Social Security Administration.

34. On or about March 25, 2020, Hon. Greer continues his order to push for garnishing USWGO's disability money with the benefit going to the other defendants' in the case.

35. USWGO is on a tight budget, pays $500 rent and the monthly SSI is at $783 a month. That leaves $283 dollars a month after rent. Also anywhere between $0-$100 a month of his SSI goes towards fighting his federal criminal case in the Middle District of North Carolina, the appeals in the U.S. Court of Appeals for the Fourth Circuit, and the state appeals as well as his state civil cases. He is fighting to overturn his federal criminal conviction in the Middle District of North Carolina on the ground of actual innocence, as well as fighting for to be acquitted of his state charge and conviction on November 15, 2019, which caused the demand for legal fees. State case is being fought against over the ground of legal innocence.

36. Hon. Greer does not have legal authorization/authority under federal law for moneys paid or payable or rights existing under this subchapter of Social Security law "shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law"."

37. The Commonwealth of Virginia through its Commonwealth Attorney Glen Andrew

Hall ("Mr. Hall) does not have legal authorization/authority under federal law for moneys paid

or payable or rights existing under this subchapter of Social Security law "shall be subject to

execution, levy, attachment, garnishment, or other legal process, or to the operation of any

bankruptcy or insolvency law"."

### CLAIM FOR RELIEF: GARNISHMENT OF BRIAN HILL'S SSI DISABILITY

38. USWGO repeats and realleges the allegations set forth in Paragraphs 1 through 37
above.

39. Brian David Hill ("USWGO") is under legal protection under federal law from any

kind of legal extortion and/or garnishment and/or demand for legal fees, pursuant to 42 U.S.

Code § 407.

40. Brian David Hill is legally disabled and is qualified under Social Security Act federal

law to receive Supplemental Security Income for USWGO's proof of disability that is within

the custodian of records within the Social Security Administration.

41. Brian David Hill holds the legal right to protect himself from garnishment, levy,

execution, and any other legal process that can be used to compel USWGO against his will to

pay the legal fees, pursuant to 42 U.S. Code § 407(a).

42. If any or all of USWGO's SSI disability money is garnished by any or all of the

defendants' against Brian David Hill ("USWGO"), then this subjects him to cruel and unusual

punishment of depriving Brian David Hill of life, liberty, pursuit of happiness, and of his

protected federal benefits without due process of law. It deprives Brian David Hill of being able

to live his life as any garnishment, even in installments, makes it more difficult if not

impossible for USWGO to live without going into debt as USWGO cannot live on his limited

monthly income if even a portion of it is taken away by judicial order of Hon. Greer and any of

his agents, officers, clerks, deputy clerks, and/or the other defendants' who benefit off of this

unlawful garnishment and legal extortion.

43. The order under Hon. Greer (See **Exhibit 1**) in derogation of Brian David Hill's

protected SSI monthly benefits under 42 U.S. Code § 407.

44. Hon. Greer and other defendants' demand over $1,000 and possibly increasing in

legal fees in derogation of Brian David Hill's protected SSI monthly benefits under 42 U.S.

Code § 407.

45. Despite the Motion to Waive Legal Fees or Not Enforce Them that USWGO filed

under the attached **Exhibit 3,** Hon. Greer continues to permit the order that will result in

garnishment of USWGO's disability SSI disbursement, in derogation of Brian David Hill's

protected SSI monthly benefits under 42 U.S. Code § 407.

46. Hon. Greer has willfully engaged in an order (**Exhibit 1**) which will require the

garnishment of USWGO's disability money which is his only source of income from the

Federal Government.

47. Mr. Clark knew that begging USWGO to withdraw his appeal would cause a demand

that USWGO pay legal fees and has willfully contributed to Hon. Greer's order (**Exhibit 1**) to

pay Mr. Clark's legal fees which will require the garnishment of USWGO's disability money

which is his only source of income from the Federal Government.

48. Lauren McGarry ("L. McGarry") knew that begging USWGO to withdraw his appeal

would cause a demand that USWGO pay legal fees and has willfully contributed to Hon.

Greer's order (**Exhibit 1**) to pay Martinsville Public Defenders Office legal fees which will

require the garnishment of USWGO's disability money which is his only source of income from

the Federal Government.

49. Glen Andrew Hall ("Mr. Hall") knew that USWGO had ineffective counsel in his

state criminal case by his various pro se filings in his state criminal case and pro se appeals but

continued the case with forcing USWGO to have ineffective counsel to cause a demand that

USWGO pay legal fees and has willfully contributed to Hon. Greer's order (**Exhibit 1**) to pay

the prosecution's---Mr. Hall's legal fees which will require the garnishment of USWGO's

disability money which is his only source of income from the Federal Government.

50. The Defendants' acts as alleged herein, and the ongoing direct results of those acts,

have caused and will continue to cause irreparable harm to Brian David Hill ("USWGO") in an

amount USWGO cannot ascertain, leaving USWGO with no adequate remedy at law. The state

courts ignore his pro se filings, so USWGO has no remedy at the state-level to stop the demand

for legal fees which will garnish USWGO's disability money from the Social Security

Administration which is protected from garnishment. Any state civil case he files requires

paying a hefty filing fee. So even to fight in the state for any remedy requires garnishment from

his SSI if any of his family members do not directly pay the filing fee of the State to open up

another state case asking for judicial relief.

51. Unless all Defendants' including the Honorable Judge Giles Carter Greer is

preliminarily and permanently enjoined from any further legal course, legal process, or any

execution legal attempt to garnish Brian David Hill's protected SSI disability money which is his only source of income, USWGO will be irreparably harmed, and Brian David Hill ("USWGO") is thus entitled to preliminary and permanent injunctive relief against further means to garnish Mr. Brian David Hill's SSI disability money, pursuant to 42 U.S. Code § 407.

## PRAYER FOR RELIEF

USWGO requests that this Court grant USWGO's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Defendant Hon. Greer, and Defendant Hon. Greer's officers, agents, clerks, deputy clerks, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under Defendant Hon. Greer, from directly or indirectly garnishing or even attempting to garnish the Supplemental Security Income ("SSI") of USWGO, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Hon. Greer to suspend/set-aside his order on November 15, 2019 demanding the legal fees be paid for by Brian David Hill with threat of Brian David Hill going to jail through collection enforcement by the Commonwealth of Virginia which is extortion and through Defendant Mr. Hall, or modify his order to only order that his Court garnish any moneys/assets made outside of his SSI disability that is not protected under federal/state law;

3. That if Brian David Hill is to have made any money in the future not protected under 42 U.S. Code § 407 or any other federal or state statute protecting Government benefits from garnishment, then the Hon. Greer can be allowed to pursue payback of legal fees of that money, upon any evidence found constituting as such. The Court should only be allowed to garnish

liquid assets and money not protected under federal law from garnishment;

4. Award or declare that Brian David Hill's SSI benefits not be garnished by any or all Defendants' including Hon. Greer and that USWGO cannot be compelled at threat of going to jail for failure to garnish his own SSI disability monthly limited income; and

5. Grant USWGO such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL WAIVED

USWGO waives request for jury trial as the Social Security Act lawsuit is more of an administrative judicial procedure under the law.

Dated this twenty-sixth day of March, 26, 2020.

Respectfully filed with this Court, this the 26th Day of March, 2020.



**BRIAN DAVID HILL, Pro Se**

*Brian D. Hill*
Signed
_____
Brian David Hill – Ally of Qanon
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505



### REQUEST by PLAINTIFF Brian David Hill ("USWGO") TO THE CLERK TO SERVE PROCESS ON ALL PARTIES DOCUMENTED

Brian David Hill files an accompanying "APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form)" and requests to proceed In Forma Pauperis in this case.

After the Motion for In Forma Pauperis status has been granted by the Court, **Brian David Hill requests that the Clerk or any other officer serve process on all parties to this case pursuant to Rule 4(c)(3)** of the

Federal Rules of Civil Procedure and 28 U.S. Code § 1915.

Citing Rule 4(c)(3) of the Federal Rules of Civil Procedure: "(3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916."

And

Citing 28 U.S. Code § 1915: "(d) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."

The request by Plaintiff to the Clerk/Court serve all parties shall satisfy CERTIFICATE OF SERVICE and/or SERVING THE SUMMONS as required by the Federal Rules of Civil Procedure.

**BRIAN DAVID HILL, Pro Se**



Brian David Hill – Ally of Qanon
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505





7019 1120 0002 2623 6273

Brian D. Hill - Ally of QANON
WWG1WGA - Q-Intel - Drain the Swamp MAGA
JusticeForUSWGO.wordpress.com - INVESTIGATE!