IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 30 2020
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
    DEPUTY CLERK

| | |
|---|---|
| BRIAN DAVID HILL, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:20-cv-00017 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GLEN ANDREW HALL, ESQ., et al., ) | By: Hon. Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendants. ) | |

On March 27, 2020, Plaintiff Brian David Hill ("Plaintiff") filed a motion to proceed *in forma pauperis* [ECF No. 1] and a complaint alleging causes of actions against Defendants Glen Andrew Hall, Esq., Giles Carter Greer, Esq., Matthew Scott Thomas Clark, Esq., and Lauren McGarry, Esq., for their alleged role in securing a garnishment against his social security wages. (See generally Compl. [ECF No. 2].) Because I find Plaintiff's motion to proceed *in forma pauperis* is well-taken, that motion is hereby **GRANTED**. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), however, I hereby **DISMISS** Plaintiff's complaint without prejudice.

According to Plaintiff's complaint:

> On or about November 15, 2019, the Circuit Court of Martinsville, Virginia, under the order of the Hon. Judge Giles Carter Greer (Def. #2) has unlawfully ordered garnishment of Brian David Hill's social security disability disbursement income under the Supplemental Security Income, the amount totaling $1,124.00 and possibly more as Brian David Hill continues fighting his state case under Case #: CR19000009-00, Civil Case Nos. CL20000089-00 (Writ of Coram Vobis/Nobis) and CL19000331-00 (Writ of Habeas Corpus). Direct Appeal has also been timely filed in the state case but may fail under a legal

        technicality. So legal fees are going to be enforced which is garnishment.

(Compl. ¶ III.A.).

Under the Rooker-Feldman doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "This is so because Congress has vested the power to entertain an appeal of a state court judgment only with the Supreme Court." Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 235 (4th Cir. 2013) (unpublished) (citing 28 U.S.C. § 1257(c); Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198-99 (4th Cir. 2000)). "A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" Am. Reliable Ins. Co. v. Stilwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Plyler v. Moore, 129 F.3d 728, 733 (4th Cir. 1997)).

Plaintiff's action is nothing more than an invitation to second-guess the state court's judgment[1] and supplant my opinion in its place. This is categorically prohibited by the Rooker-Feldman doctrine. His recourse is the state appellate procedure which, according to his complaint, he is pursuing. Accordingly, this court is without jurisdiction to entertain Plaintiff's action, see Friendman's, Inc. v. Dunlap, 290 F.3d 191, 195-96 (4th Cir. 2001),

---

[1] Plaintiff characterizes the state court judgment as a garnishment of his social security benefits, which would violate 42 U.S.C. § 407(a). What seems more likely, based on my interpretation of what he seems to allege, is that he was ordered to (and apparently agreed to) pay attorney's fees and, because his only source of income is his social security, he views any order to pay (even an order he consented to) as a garnishment of those funds. (See, e.g., Br. in Support of Compl. ¶ 10 [ECF No. 2]). Regardless, Rooker-Feldman prohibits his action as he has pled it.

Plaintiff has failed to state a claim upon which relief may be granted, and his complaint will be dismissed without prejudice.

The clerk is directed to forward a copy of this Order to Plaintiff and to close this case.

**ENTERED** this 30th day of March, 2020.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE